UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

PIUS AILEMEN,

    Petitioner,

v.

SCOTT P. FISHER,
Warden at FCI-Sandstone,

    Respondent.

Civil No. 13-178 (PAM/TNL)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 24.5-year prison sentence that was imposed in 1999 in the United States District Court for the Northern District of California. (Petition, p. 1, § 4.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849, at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789, at *3.

As reported by the Ninth Circuit Court of Appeals:

> During 1991 and into early 1992, [Petitioner] headed a large international drug conspiracy. The federal investigation that led to [Petitioner's] indictment and eventual conviction included various surveillance techniques, including wiretaps and an undercover agent posing as a drug trafficker. Prior to trial, [Petitioner] filed a motion to suppress the wiretap evidence, which was granted. Even without the suppressed wiretaps, the government levied substantial evidence against [Petitioner], including the testimony of four of his couriers, the undercover agent involved in the investigation, as well as the intermediary who dealt with the government agent.

United States v. Ailemen, 473 Fed. Appx. 754 (9th Cir.), (unpublished opinion), cert. denied, __ U.S. __ (Dec. 3, 2012), 2012 WL 5380349.

After Petitioner was convicted and sentenced, he filed a direct appeal that presented several claims for relief. In one of those claims, Petitioner contended that his conviction should be vacated because the underlying grand jury indictment resulted from the alleged misuse of evidence obtained from an illegal wiretap. The Ninth Circuit Court of Appeals rejected all of the claims that Petitioner raised in his direct appeal and his conviction and sentence were affirmed. United States v. Ailemen, 43 Fed. Appx. 77 (9th Cir. 2002) (unpublished opinion), cert. denied, 537 U.S. 1226 (2003). The Court of Appeals explained its resolution of Petitioner's challenge to his indictment as follows:

> [Petitioner] contends the district court should have dismissed the indictment on the ground that the grand jury heard testimony from Keesha Duncan, whose cooperation was allegedly secured because of evidence gained from a suppressed wiretap. We disagree. As a general rule, a defendant is not entitled to have his indictment dismissed on the ground that the grand jury relied on illegally-obtained evidence.... [Citations omitted.] [Petitioner] argues that this general principle is inapplicable because the wiretap statute, 18 U.S.C. § 2515, authorizes more stringent remedies than the judicially-created exclusionary rule. [Petitioner] however, was convicted by a petit jury which did not consider the tainted testimony. Consequently, 'any error in the grand jury proceeding connected with the charging decision was [rendered] harmless beyond a reasonable doubt.' United States v. Mechanik, 475 U.S. 66, 70... (1986)....

2

Id. at 80-81.

Petitioner later filed a motion seeking post-conviction relief under 28 U.S.C. § 2255. Petitioner's § 2255 motion raised several more challenges to his conviction and sentence. In one of those challenges, Petitioner contended that he had been deprived of his constitutional right to effective assistance of counsel because his attorney did not properly challenge his indictment. Petitioner's § 2255 motion was denied, United States v. Ailemen, 710 F.Supp.2d 960 (N.D.Cal. 2008), and the Ninth Circuit later affirmed that ruling, United States v. Ailemen, 473 Fed.Appx. 754 (9th Cir.), (unpublished opinion), cert. denied, ___ U.S. ___ (Dec. 3, 2012), 2012 WL 5380349.[2]

---

[2] The District Court's ruling on Petitioner's § 2255 motion includes the following synopsis of Petitioner's ineffective assistance of counsel claim regarding the grand jury indictment:

> In his sixth claim, petitioner asserts that defense counsel was ineffective for failing to present critical evidence during a pre-trial motion to dismiss the allegedly tainted indictment. He asserts that '[d]efense counsel knew or should have known that Judge Breyer's determination that the grand jury would have still found sufficient evidence to indict defendant absent the tainted evidence, was fatally flawed and could be successfully challenged.'... Specifically, defense counsel never informed Judge Breyer that the original grand jury declined to indict petitioner when respondent did not present evidence obtained through an illegal wiretap.... Finally, petitioner claims that, had Judge Breyer been informed of the original failure to indict, he 'would have sent [respondent] back to the grand jury to attempt to obtain an untainted indictment sanitized of the poisoned evidence.'... Although such a failure by counsel may arguably satisfy the first prong of Strickland [v. Washington, 466 U.S. 668 (1984)], an issue which the court does not decide here, petitioner fails to meet the burden of illustrating prejudice. In light of the fact that Judge Breyer allowed respondent to proceed on the second superseding indictment, despite allegations of illegality, one cannot infer that Judge Breyer would have dismissed the indictment had he been aware of the earlier unsuccessful attempt to get an indictment returned.

Ailemen, 710 F.Supp.2d at 978 (citations to record omitted).

3

In the present case, Petitioner is once again attempting to challenge his 1999 federal criminal conviction and sentence in the Northern District of California. Petitioner contends that his conviction must be set aside because the indictment that precipitated his trial was based on evidence obtained by means of an illegal wiretap. Petitioner's current habeas corpus claim was fully known (or at least fully knowable) at the time of his direct appeal and when he filed his § 2255 motion. Indeed, it appears that Petitioner's current claim (or some very similar variation of it) was raised, and rejected on the merits, in both the direct appeal and the § 2255 proceedings. Therefore, Petitioner's current § 2241 petition must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, <u>or that such court has denied him relief</u>, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and

not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). A federal court lacks jurisdiction to hear a prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241 unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," Abdullah, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner is challenging the validity of his 1999 federal criminal conviction and sentence in the Northern District of California. Because Petitioner is directly challenging the validity of his conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule unless the savings clause applies here.[3]

---

[3] In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can be construed to be a motion brought under § 2255, and the matter can then be transferred to the original trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is precluded from seeking relief under § 2255, because he has already done so once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without preauthorization from the apposite Circuit Court of Appeals. 28 U.S.C. §§ 2244(b)(3) and 2255(h). Petitioner apparently does not have a preauthorization order from the Ninth Circuit Court of Appeals, so it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion and transfer this matter to the District in which Petitioner was convicted and sentenced. Furthermore, it is apparent that any new application for relief under § 2255 would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Petitioner, however, has made no effort to show that the savings clause could properly be applied in this case, and the Court finds that, in fact, the savings clause is not applicable here.[4]

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because his current claims for relief could have been raised (and apparently were raised) in his direct appeal and his § 2255 motion. Petitioner has cited no new substantive law in support of his current challenge to his conviction and he has presented no new evidence that was previously unavailable to

---

[4] Petitioner might believe that the savings clause should be applicable simply because he is not presently eligible for relief under § 2255 due to the restrictions on successive motions and the one-year statute of limitations. (See n. 3, supra.) That notion must be rejected. The rule against successive § 2255 motions and the one-year statute of limitations would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. The Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

him. In short, Petitioner has not shown that his current claims for relief could not have been raised before this time.

As the Court of Appeals pointed out in Abdullah –

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause is not applicable for Petitioner's current claims because he has not shown that his claims could not have been raised before now. Because Petitioner had an adequate procedural opportunity to raise his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

It appears that Petitioner's true objective in this case is to have the Minnesota District Court review and overturn the prior decisions of the District Court for the Northern District of California and the Ninth Circuit Court of Appeals. (See Petition, pp. 11-12.) Petitioner apparently is dissatisfied with the previous adjudications of his challenges to his indictment and he wants those claims to be reviewed again here. However, the Minnesota District Court has no legal authority to review prior rulings by a co-equal district court – not to mention rulings made by a federal appellate court (i.e., the Ninth Circuit Court of Appeals). See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (collateral attack

7

on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

The § 2255 savings clause does not allow a federal prisoner to use a § 2241 habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in prior proceedings. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'"), quoting Williams v. U.S., 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964) and Overman v. U.S., 322 F.2d 649, 650 (10th Cir. 1963) (per curiam). This legal principle is explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length because they are fully relevant to the present case. In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. <u>The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device</u>. True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather "to test" its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention.

(Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert. denied, 382 U.S. 829 (1965), where the Court held:

> The fact that the [trial] court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was "inadequate or ineffective." If that were the rule, any adverse determination by one court of a § 2255 application would

8

be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted § 2255.

Our Court of Appeals has confirmed that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A prisoner cannot invoke the saving clause merely by arguing (regardless of how vigorously) that he was denied justice on direct appeal or in a prior § 2255 proceeding. Nor can a prisoner invoke the savings clause merely be claiming that his prior § 2255 proceedings were wrongly decided, or that they constitute a miscarriage of justice. If that type of argument were valid, then every prisoner would be automatically entitled to a second round of post-conviction review following the denial of a § 2255 motion. If a prisoner thought his § 2255 claims were wrongly decided, or there had been a miscarriage of justice, he could simply contend that § 2255 had proven to be an "inadequate or ineffective remedy" for his claims, and he must therefore be allowed to seek relief under § 2241. The habeas corpus remedy provided by § 2241 would then become a second post-conviction remedy that would be available in virtually every case. The savings clause exception would swallow the exclusive remedy rule, rendering it meaningless.

Again, the question is not whether § 2255 has, or has not, actually provided the relief sought by the prisoner, but whether that statute has provided the prisoner a means by which relief could be sought. In this case, Petitioner's current claims for relief were raised, or could have been raised, in his direct appeal and in his § 2255 motion. Because

9

Petitioner has already had an opportunity to raise his current claims for relief, those claims cannot be entertained here – even if Petitioner thinks they were never properly adjudicated in the past and there has been, in his view, a miscarriage of justice.

## III. CONCLUSION

Because Petitioner is challenging the validity of his 1999 federal criminal conviction in the Northern District of California, his current claims for relief cannot be raised in a § 2241 habeas corpus petition, unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." Although Petitioner disagrees with the prior rulings of the trial court and the Ninth Circuit Court of Appeals, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and the "savings clause" applies.

Section 2255 did provide Petitioner an adequate and effective means of collaterally challenging his conviction and sentence. Indeed, it appears that the trial court, as well as the Ninth Circuit Court of Appeals, actually considered and decided essentially the same claims that Petitioner is attempting to bring here. Petitioner has not cited any relevant change in the law that would allow him to circumvent § 2255's exclusive remedy provision and have his claims reconsidered under § 2241. Because the § 2255 savings clause is not applicable here, the Court must recommend that Petitioner's § 2241 habeas corpus petition be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded

10

that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will also recommend that Petitioner's pending application to proceed in forma pauperis (Docket No. 2) be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 (Docket No. 1) be summarily **DISMISSED** for lack of jurisdiction; and

2. Petitioner's application for leave to proceed in forma pauperis (Docket No. 2) be **DENIED**.

Dated: February  11th  , 2013

                                                     *s/ Tony N. Leung*
                                                   TONY N. LEUNG
                                                   United States Magistrate Judge

                                                   *Ailemen v. Fischer*
                                                   File No. 13-cv-00178 (PAM/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **March 15, 2013**.